IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------

MAHER HADDAD  :  CASE NO. 4:13 CV 257

Petitioner

-vs- : **MEMORANDUM OF OPINION AND ORDER**

J. COAKLEY, WARDEN

Respondent

------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

*Pro se* Petitioner Maher Haddad filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. Petitioner is currently in the Elkton Federal Correctional Institution, serving a forty-six month sentence for illegal re-entry. Petitioner claims he should receive credit toward his federal sentence for: (1) time he spent in the administrative custody of the Immigration and Customs Enforcement ("ICE") agency pending a civil deportation determination; and (2) time he spent in state pretrial detention unable to obtain release on bail due to an ICE detainer lodged against him. For the reasons explained below, Petitioner is not entitled to either credit toward his federal sentence. The Court will accordingly deny the Writ.

## I. Background

Petitioner was arrested by Fort Worth, Texas police officers on August 18, 2009 and charged with credit/debit card abuse. ICE lodged a detainer against him and as a

result, he could not obtain release on bail. He remained in jail pending trial. Petitioner was convicted of the charge and was sentenced on November 9, 2009 to six months in jail. He was given credit on his state sentence for time served in pretrial detention.

Thereafter, Petitioner was paroled to the ICE detainer on February 13, 2010. He remained in the administrative custody of ICE pending a deportation determination, until he was indicted by the United States government on March 3, 2010 and charged with illegal re-entry. He was convicted, and sentenced on February 4, 2011 by the United States District Court for the Southern District of Texas to a term of incarceration of forty-six months.

Petitioner seeks credit toward his federal sentence for two time periods. First, he contends he is entitled to credit for the time he spent in state custody pending trial because the ICE detainer rendered him ineligible for release on bail. He contends this detainer was the only reason he was still in custody and he should therefore receive credit on his federal sentence for his detention from the day of his arrest on August 18, 2009 to the date of his sentencing on November 9, 2009. Petitioner also seeks credit on his federal sentence for the time he spent in ICE custody from the conclusion of his state sentence on February 13, 2010, to his federal indictment on March 3, 2010. He contends he did not receive credit toward his state sentence for this time because he had already completed his sentence. He further contends that this ICE detainer was directly related to his illegal re-entry into the United States and he should therefore receive credit toward his federal sentence for the time he spent in ICE custody.

## II. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## III. Analysis

Federal regulations have afforded prisoners administrative review of the computation of their credits, see 28 CFR §§ 542.10-542.16 (2006); *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir.1990), and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies. *See United States v. Bayless*, 940 F.2d 300, 304-305 (8th Cir.1991); *United States v. Flanagan*, 868 F.2d 336 1544, 1546 (11th Cir.1989); *United States v. Martinez*, 837 F.2d 861, 865-866 (9th Cir.1988).

Once a defendant is sentenced in federal court, the Attorney General, through the Bureau of Prisons ("BOP"), is responsible for administering the sentence. *See* 18 U.S.C. § 3621(a). To compute a federal sentence, the BOP must first determine the commencement date of the federal sentence. By statute, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A federal sentence does not commence until a prisoner is actually received into federal custody solely for that purpose. *Gonzalez v. Rushing*, 4:12 CV1274, 2012 WL 2127728 (N.D. Ohio June 11, 2012).

Thereafter, the BOP must apply any jail-time credit to which the offender may be entitled under 18 U.S.C. § 3585(b). Specifically, 18 U.S.C. §3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

Petitioner first requests credit toward his federal sentence for time he spent in state custody from the day of his arrest to the date of his sentencing on the state charges because the ICE detainer prevented his release on bail. Petitioner was sentenced by the state court on November 9, 2009 to six months in jail, and received credit toward his state sentence for the time he spent in pretrial detention. Because he

4

received credit toward his state sentence for this time period, he may not also receive credit for this time on his federal sentence. *See McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993).

In addition, Petitioner seeks credit for the time he spent in administrative detention by ICE from the date he finished his state sentence on February 13, 2010, to the date he was indicted by the federal government on March 3, 2010. While it is true Petitioner was in federal custody during this time, he was not in "official detention ... as a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b). Rather, Petitioner was in civil detention pending removal proceedings.

Detention by immigration authorities pending deportation is considered civil, rather than criminal, in nature. *See De Leon v. Copenhauer*, 1:12-CV-00976-BAM HC, 2012 WL 5906551 (E.D. Cal. Nov. 26, 2012); *Galan-Paredes v. Hogsten*, 1:CV06-1730, 2007 WL 30329 (M.D. Pa. Jan. 3, 2007); *Ghadiri v. Sniezek*, 4:06CV1765, 2006 WL 3023034 (N.D. Ohio Oct. 23, 2006); *Alba-Tovar v. United States*, CIV.05 1899 JO, 2006 WL 2792677 (D. Or. Sept. 22, 2006). Time spent in the custody of ICE awaiting a deportation determination therefore is not "official detention" within the meaning of 18 U.S.C. § 3585(b). Petitioner was not charged with a federal crime until he was indicted on charges of illegal re-entry on March 3, 2010. From that date forward, Petitioner was in "official detention" as a result of the offense for which his federal sentence was imposed. Prior to that date, he was detained either as a result of his state charges or as a result of his pending removal from the United States. *Ghadiri v. Sniezek*, 4:06CV1765, 2006 WL 3023034 (N.D. Ohio Oct. 23, 2006). He is not entitled to credit

5

toward his federal sentence for any time he spent in detention prior to March 3, 2010.

### VI. Conclusion

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus (ECF No. 1) is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Lesley Wells
LESLEY WELLS
UNITED STATES DISTRICT JUDGE